UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM RODRIGUEZ,
                            Petitioner,

                 -against-

STEWART T. ECKER,
                            Respondent.
------------------------------------------------------------X

18 Civ. 11514 (LGS)

<u>ORDER</u>

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Petitioner William Rodriguez filed a Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Ona T. Wang for a report and recommendation regarding the Petition.

      WHEREAS, on January 27, 2023, Judge Wang issued a Report and Recommendation (the "Report"), which liberally construes the Petition to raise the best arguments possible in light of Petitioner's pro se status and nevertheless recommends denying the Petition. The Report reasons that testimony from a Criminalist in the Office of the Chief Medical Examiner at Petitioner's criminal trial did not violate the Sixth Amendment right to confrontation under relevant precedent. It further finds that the Petition does not sufficiently allege ineffective assistance of counsel, because the New York Court of Appeals has held that failure to raise even a viable Confrontation Clause claim does not prove ineffective assistance. Finally, the Report finds that the Petition does not provide grounds to withdraw Petitioner's guilty plea based on these alleged deficiencies.

      WHEREAS, the Report set a deadline for any objections fourteen days from service of the Report, allowing three additional days for a party who is served by mail. The docket indicates that the Report was mailed to Petitioner on January 30, 2023. Any objections to the Report by Petitioner were due on February 16, 2023.

WHEREAS, on February 27, 2023, a letter from Petitioner dated February 12, 2023, was docketed.  The letter does not contain any objections to the Report.  The letter states that Petitioner is suffering from a chronic medical illness and has been informed that he is in the end stages of life.  The letter requests the appointment of pro bono counsel to assist Petitioner with the Petition.  Pursuant to a court order, on March 6, 2023, Respondent emailed the Court Petitioner's most recent medical records for the past year.  On March 15, 2023, a letter from Petitioner dated March 10, 2023, was docketed.  The letter describes medical diagnoses Petitioner has received and requests that his multiple chronic illnesses be taken into account when adjudicating his Petition.  Petitioner's medical records do not indicate that he has been diagnosed with a terminal disease or provide other grounds to appoint counsel or pursue a separate motion for compassionate release.

WHEREAS, in reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party.  Fed. R. Civ. P. 72(b)(3); *accord United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015).  "[W]here no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Jones v. Berryhill*, No. 18 Civ. 11233, 2020 WL 1503507, at *1 (S.D.N.Y. Mar. 30, 2020) (cleaned up).

WHEREAS, the Court finds no clear error on the face of the record as to the Report.  It is hereby

**ORDERED** that the Report is **ADOPTED** in full.

The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner and to terminate the case.

Dated: March 16, 2023
       New York, New York

                                                                                 **LORNA G. SCHOFIELD**
                                                               UNITED STATES DISTRICT JUDGE